Good morning. May it please the court, counsel for the city, I'd like to reserve four minutes for rebuttal, please. This is a Monell case, a 1983 case. I think we should win because the undisputed evidence in the case was that the city defendant here had a municipal practice that deemed all the vehicles that it seized factually abandoned without meaningful process. And because our claim is due process and because that would satisfy that claim, we believe we should win. The elements for a due process claim are pretty easy, they're just two, and most of them were not disputed by the city, which is another interesting legal point for your consideration. There's a debate here about, with the district court and the parties, your party in particular, about which areas, sections of the Ohio Revised Code pertain. Well... Can you help us with that? I think there's a... Your argument is that the district judge... Misapplied 45... Oh, misapplied. I thought she was focusing in the 29 chapter. No, I think the district court and my opponent take the position that another state statute, 45-13-61, governed their actions. And the district court found, and the city contends, that their actions and their municipal policy here complied with 45-13-61 and provided all the process that was due to my clients. My argument is that the district court and the city are erroneous and wrong in their version and construction of 45-13-61. And in fact, their policy contravened what was required by that statute. And rather than following the statute, they've created their own policy practice and custom of deeming the cars that they seized to be factually abandoned without process. That's the key, isn't it? It is. What's abandoned. Sure. And I think that your role as a federal court in hearing this matter is to look at the state cases that have constructed 45-13-61 to determine, as a matter of state law, what the state courts have said about that statute. And they are clear and they are unanimous in concluding that 45-13-61 presupposes abandonment. And the cases since 1987 have said that abandonment means... Which statute? Well, you say it presupposes abandonment, so that suggests there's a statute that defines or limits what abandonment is. The way I look at this case, the decisional law has looked at 45-13-61 and construed that it requires an abandonment. And has crafted, has put judicial gloss on that statute. And again, it's done that since the DOMIN case of 1987. DOMIN stands for the proposition that 45-13-61 requires an abandonment. It defined abandonment to be the intentional relinquishment by the car owner of the vehicle. That's what abandonment means. And when a car is abandoned, there's a duty placed under the statute on the city to supply notice because they have to find out who this car owner is and to make an effort to find their identity. And if there's not a claim returned back, then they can say... There's also a statutory scheme that allows the police, you know, where law enforcement's involved, right? That's a different deal than abandonment. Yes. There are two statutes that govern what happens. In the year 2007, our state legislature took all the forfeiture statutes and all the property responsibility statutes and put it in a single provision in the revised code, 29-81. And it has four categories of property that I think the legislature thought was covering the whole gamut here. So you have abandoned cars, and that's 45-13-61. And that's what the city says that they did here, and I contend that they didn't. Then in 29-81-11, they say, okay, if there's not an abandoned car... Let's focus on that part. Which part? You say they say... I'm not... In the forfeiture chapter... Yeah, 29-81. You just said the city contends that they're under that. No, no, no. Again, to be as clear as I possibly can, the city has not ever contended that they've acted under the forfeiture provisions or the property responsibility provisions of the revised code, 29-81. Their entire case is 45-13-61. And they rely on the language that lawfully came into their possession, right? They rely on that, and sure, it did. And you're saying that you can't just take it out of context because it's a state statute, and the gloss that's been put on it is that it has to have been abandoned. Yes. Okay. And then you come to the... What is it? Blue... Blue Ash. Blue Ash case. The Kavanaugh case. Yeah. They say that the Ohio Supreme Court in a later case said that 45-13-61 says it's something different than abandonment. But if you read that case, it provides that the city government has the authority to impound cars that block traffic and allows them, under that statute, to do inventory searches. But it has nothing to do with the title transfer provisions of that statute, 45-13-61, which is what we're claiming here. I'm not saying that there wasn't a lawful seizure in any of these cases. There was. The argument is it's broader language, then. It didn't limit itself as you prefer. That's their... Well, I think... I mean, if you read the city's brief very carefully, they say, we believe Kavanaugh stands for the proposition that the city can use its discretion to use 45-13-61. Sure. I don't disagree with that. But that's not a fair reading of that Supreme Court case itself. That case only dealt with the seizure and whether or not the seizure was a lawful one that justified an impound search under the Fourth Amendment. So you say you agree that they can use their discretion to... Yes. ...to use that. Let me ask you this. Okay. What's the consequence if it comes under abandonment? Do you still have a due process claim? Yes, absolutely. Yeah, because the statute itself says the city can use 45-13-61 if there's been an abandonment of the car, again, an intentional relinquishment. None of my clients abandoned their cars. They had them seized in traffic stops. When you say the statute says they can use that... Yeah. Okay. Would it help if I went through the statute a little bit? Which statute are you talking about? 45-13-61. Okay. Go ahead. Okay. I spent some time with the statute because, again, it's not the clearest statute in the world, okay? And there are three paragraphs. The first paragraph deals with seizure, and it gives broad authority to local governments to seize vehicles that come into its possession when they're exercising a duty, a very broad seizure authority. The second paragraph deals with the notice that city government has to supply to vehicle owners when it seizes their cars. And that's where the Ohio court cases have said, well, look, because this second paragraph puts an onus on the local government to ascertain the identity of the owner, to send notice to that owner, and then to provide a 10-day notice, what follows from that is that we're talking about abandoned cars. When you talk about paragraphs... Yes. ...are you talking about numbered paragraphs? No, there aren't. No, I'm not. I'm not. In the version of the statute that was applicable when these events occurred in 2011, there were no subdivisions like A, B, and C like we find in some state statutes. The statute was amended in 2015, and now it does have A, B, C, and D divisions, but it didn't at the time of these events. So at the time of these events... Are the divisions now... There are now, yeah. ...parallel to what you're arguing? The statute, again, was amended in 2015, and now there's A, B, C, and D. I know, but do they break down the way in accordance with your argument? Roughly. The paragraphing roughly breaks down into my argument now. So there are three paragraphs in the division or in the statute as it existed when my clients had these issues with the city government. One, the first paragraph deals with seizure. The second deals with the notice that the city has to supply to the vehicle owners where they've seized those vehicles. And the third paragraph deals with title transfer. Now, the version of the statute now is roughly the same, but the legislature just this year added some duties and some things that really aren't material to our dispute here. Okay, so you're saying, all right, it's okay. This did, in fact, come into your possession through... Paragraph 1. Okay. So now what do they have to do? Well, they have to return it to the owner at the point in time that they no longer need it. And if the car is factually abandoned... And you're getting that from where? What's that? You're getting that from a different statute, right? Yes, there's a duty to return property that they no longer have a need for in another statute. That's 29... 29... 81.11A1. Right. Okay, so you're saying then that the third paragraph... The third paragraph is the title transfer paragraph, and it only applies to... In the Ohio cases I've said, the third paragraph is only applicable when there's been factual abandonment. When there's been factual abandonment, the city has the right to take a summary process, obtain the title to the car for itself, and then sell it. But only after there's been a factual abandonment, which didn't occur in this case. Okay, so that's the way you parse it. Right. And then... So I guess what I'm saying is that 4513.61 makes abandonment a fact of consequence. Here, that fact of consequence was disputed, and the city decided it on its own without any process, and in a circumstance in which they benefit from characterizing it as abandoned because they get the car and they get to keep the money. But my clients never abandoned their vehicles ever. Their cars were taken from them, and if they had a point of view that they were abandoned, we say there needs to be process so my client can go to a neutral fact finder, present its case, and argue that there was an abandonment in circumstances in which you took the car from them. Okay, so is it just because this car wasn't abandoned that you're entitled to a hearing, or is your point that you need to have some sort of a hearing where somebody could contest that it's abandoned or that these, let's say you walk in and they say, you know, you owe $12,000. I mean, there has to be some place where you get a hearing. Right. I'm saying that the only way that the city gets to keep these cars is if they've been abandoned. That's it. I'm sorry, does that mean they've been abandoned and no one comes in or no one notifies them, or do you mean that they've been factually abandoned? I mean, abandoned in the way that the Ohio cases have defined abandoned. Well, let me ask, okay. Yeah, which means intentionally relinquished, which means if somebody steals your car and then the thief abandons it. Right, no, I understand those cases, but let's say your car breaks down. Yes. It's on the roadside. Okay. You come back to fix it and it's gone or something. Oh, they probably have to put a notice on it for a period of time, right? This is Blue Ash. The Blue Ash case. The Blue Ash case was a car that was impeding Interstate 71 in the context of a DUI stop, and they took the car under 45-13-61 because it affected traffic flow and represented a danger to the public. Okay, all right. Let's say it's the Blue Ash case. They don't find anything, though, and the person goes to get their car, and they're told that, well, you know, it's a sum of money that's a little bit crazy. Are you saying that person's entitled to a hearing before? Yeah, I think I am. I'm saying that if the government knows the identity of the owner or title owner, then they can't say that it's abandoned and use summary process to declare it abandoned. I'm going to ask you to stop there. Thank you, Judge. You've answered the question because, just to be fair, your time's up. Yes, ma'am. Thank you. Please accord David Benjamin Shaver for the city of Middletown. I think the appellants are wrong here, Your Honors. First of all, there was never any factual determination of abandonment, nor is there any evidence in the record before the district court that abandonment. Well, abandonment is, I mean, we can understand that as being definitionally driven by the statutes, by the Ohio revised code. Yes, Your Honor. I believe the definition of abandonment. It sounds to me like you're using it in a kind of colloquial, got out, never came back kind of thing. Well, what I think I'm trying to say, Your Honor, is that the city never deemed these cars abandoned. They were simply unclaimed. And Ohio revised code section 451361 addresses more than just abandoned vehicles. Now you're getting into the unclaimed aspect where there's a dispute of fact. What is claiming? Well, claiming is defined within the statute as presenting proof of ownership and paying the storage cost. That is what the statute says is claiming the vehicle. And so you know, Mr. Shaver, the argument by Mr. Pagan on behalf of his client is that a friend marched in there, at least for Mr. Baker, marched in. Mr. Henry, I believe. Henry, I mean, and marched in and said, I'm trying to get my friend's car. And they said, either they didn't tell the truth and timing was different, but they said it's gone. I believe Mr. Brewer. The city kept the money. Mr. Brewer, Mr. Henry's friend, called the city at one point, called the police department, and indicated that he, you know, wanted to get Mr. You know the story in the brief, but what's your response to it? Well, he didn't present proof of ownership or certificate of title, any kind of documentation of who the true owner was. Was that asked for any of that? As we read the facts, I mean, we can't dispute the facts here, right? He wasn't even given any opportunity to do any of that. I don't believe that was ever developed in the record before the trial court, Your Honor, the content of those conversations. I'm sorry, Judge? Because the trial court granted a motion. That's correct. Right, and you have another guy whose property is taken, and they say, well, you know, deal with us and you can get it back. Cooperate and we'll give it back. I mean, but the fact is that you've got a policy that treats any car that comes within your possession as abandoned under these statutes, and you give people notice, and 10 days later you've appropriated the car. And most cases say that doesn't satisfy due process. Well, Judge, I don't think that the city is following Revised Code 4513.61. Mr. Pagan talks about the city's policy. The city's policy is simply enforcing Ohio Revised Code section 4513.61. That statute, as enforced, could violate due process. The city of Middletown is not aware of any adjudication that that statute is unconstitutional. Well, we gathered some information preparing for this argument that every circuit in the country that has looked at this problem has said, in fact, it is a due process violation, and that the owner can't be stripped of property without a post-deprivation hearing, notice and hearing. Well, Judge, I think they are provided process, and that is the opportunity to simply present their proof of title that, hey, I'm the owner of the car, come in and pay the fine that this towing and storage costs, because the police are authorized to impound these vehicles after these people were lawfully arrested. And, again, I think Mr. Pagan made it clear there's no issue as to whether these people were lawfully arrested, their cars were lawfully impounded under the statute, they were provided notice under the statute of what was going to happen, and they simply failed to act in accordance with the statute. You know, normally the government doesn't take your property without some kind of forfeiture action, and what is supplied by that is a notice and a hearing. I mean, that's what due process is. You may have notified them that if they didn't pay up in 10 days, they were going to lose the car, but you gave them no chance to come in and say anything. I don't have the money, give me another 10 days. You know, I'd like to get a lawyer to contest this. This isn't even my car. I don't think that the appellants in this case were contesting anything, though. Well, you don't know. You didn't give them a hearing. You can't speculate. But they've conceded that the notice that they received was sufficient, that the impound was lawful, that their arrest was lawful. There would be nothing for a post-towing and impound hearing to resolve at that point. Well, but there are different statutes. I mean, do you deny that the courts have put a gloss on this statute, that these provisions apply when they're truly abandoned or they are left intentionally? The state cases that Mr. Pagan has discussed and has cited in his brief, particularly the, I thought it was pronounced Doofman or however it's pronounced, from 1987, dealt with stolen vehicles. These vehicles weren't stolen. I think Kavanaugh teaches us that Ohio Revised Code 451361 applies without abandonment. If the plaintiff or if the appellant's theory was correct, if abandonment was a necessary prerequisite to the application of the statute, then there's no way that the Ohio Supreme Court could have said that the officer from Blue Ash had the authority under Ohio Revised Code 451361 to use his discretion to impound the vehicle. He knew who the owner of the vehicle was. The Ohio Supreme Court authorized the police department. Excuse me, wasn't the Blue Ash car impounded because it was blocking traffic? In that case, Your Honor, the driver, Mr. Kavanaugh, had been pulled over on 71. I believe Mr. Pagan had said it was a DUI. I don't believe it was a DUI. He had been pulled over for expired tags. And ultimately he revealed to the officer that there was a firearm. Expired license so he couldn't drive. That's correct, that there was a firearm in the vehicle. And so he was taken into custody and the officer was authorized under the statute to use his discretion to then impound the vehicle. That's fine. Okay. Does that mean they get to go 10 days and take title to it and dispose of it without having a hearing to determine whether the car was actually abandoned or not? Well, Ohio Revised Code 451361 says yes, Judge. If they follow the notice requirements and the process requirements of 451361, then if the vehicle is unclaimed. The only process, as I understand it, was waiting 10 days. Judge, they provided notice to each of the abandoned. And waited 10 days. That's the process. According to the statute. Notice, you have notice and a hearing normally under due process. You're saying they had notice and a process and the process was just waiting 10 days. That's correct, Judge, in this case. That's what the process is. According to the statute. Let's say one of these cars was parked in the person's driveway, right? That's correct, according to the record. According to the police report, it was taken from Richardson Street, I believe. Mr. Pagan says it was in the gentleman's driveway. The standard for these motions is that you accept the fact? Yes. All right, so it's taken from the person's driveway. Let's make it hypothetical. You take it from somebody's driveway. And as they're towing it away, the person is saying to you, you've got no right to take this car. And they're saying, well, we think it's evidence. Fine. So you take it away. It sits there. You insist that you're keeping it for whatever reason. The person knows nothing about it. And then you decide, okay, we don't need it anymore. And you send them a notice, a 10-day notice. And they walk in, and they say, here's my title. I'd like my car back. And you say, that's fine, except that you've got a $300 towing charge, a $25 administration charge, and $25 for each day it's here. Thank you. You now owe us $1,200 or whatever. And the person is like, you know, I don't owe you $1,200. They took my car for no reason. They've never established they had a right to do it. Where is their hearing? Well, Judge, I think the facts that you've described in your hypothetical differ from what we're dealing with here, where the cars were impounded pursuant to the arrests. But where is the chance to argue that, okay, fine, the person was arrested. And the whole time they're going, you have no basis to arrest me. And they go, no, we have a warrant here for John Smith. And it turns out it's the wrong John Smith. And it takes 10 days or 12 days or 20 days to resolve this. Where is the person's process to make this argument? I believe that their process is coming in and showing that they own the vehicle, paying the fee, and then challenging at that point. And if they don't have the money because they have no source for that money? Or they aren't the person whose car it is. Right, the police made a mistake. They have to pay the money first and then go back and start a lawsuit to get their money back? Well, on those facts, I can't say how the city would respond if we were talking about someone who – It's not up to the city. The law says it's – that's the point. Due process says it's not up to the city, that you have a chance to challenge the whole premise of the seizure. Is there no case challenging the constitutionality of this statute in Ohio or anywhere? No, Judge. On due process grounds? There's no existing precedent? The only challenge to – are you talking about the Blue Ash case, Your Honor? No, actually, just challenging the constitutionality of this statute. Blue Ash obviously passed muster, but – The city doesn't believe – the city's not aware of any. Yeah, this is the first time somebody gathered a few people together and said – made it worth their while to file, I suppose. As far as the – yes, Your Honor, I believe that's correct. So what I think we need to focus on is that the city did what it – Do you have any cases that say that this type of procedure is perfectly fine? I believe that there are a few cases in other circuits, Judge. I don't believe that I have the citations right with me that have talked about a post – about how no post-deprivation hearing, once the car has been towed, that that is sufficient if they pay the impound fee. This – the problem presented is true in every city, particularly in bigger cities, right? There's always this problem of vehicles either that were as a result of arrest or any number of things, traffic kinds of problems. So there has to be a lot of law about this that we're not hearing about, but maybe not in Ohio. I don't believe there's anything in Ohio, Judge. Where was the Ross v. Dugan case from? I believe that case was Michigan, but I might be mistaken about that. That's the Sixth Circuit saying that due process does not require an immediate pre-deprivation hearing. In other words, you can take the car without first having a hearing. But adequate post-deprivation procedures must be provided to those whose vehicles are impounded. And then there are all these out-of-circuit cases saying that includes some kind of hearing that gives the owner of the car a chance to contest the basis for not just – not impounding the car, but disposing of it and keeping the proceeds. You can impound all day, and maybe that will turn up to be an issue in a post-deprivation hearing. It could if you impound Joe Doe's car and it turns out to be Jane Doe's car or something like that. But all of these cases indicate that there has to be some chance to challenge the basis for your keeping the car. Well, Judge, the person can come in and claim their car. The appellants here, they've never claimed their vehicles according to the statute. They don't challenge the arrest, the impoundment, the notice that they received. They simply didn't – I think that we end up with a stance of whether this is reasonable, if it's reasonable to give only 10 days under many of these circumstances. Well, I think that the Ohio legislature has said that it is because that's what the statute says. I think the record in front of the district court reflects that the city complied with the statute. The appellants do not challenge that the city complied with the statute. They simply don't think that the statute should apply or that a different law should have been followed. So on this record, I believe that the district court's decision was correct, that the district court's reading, not interpretation, their reading of the statute, of the plain language of the statute, was correct. And that comports with the city's reading as well. Okay. I'm paying further. No, thank you, judges. I'll just make a – I need to go back to your appeal here, but whether or not you ever challenged the – you challenged the statute as unconstitutional under federal due process or not? No. No, I challenged the city's policy practices. Implementation. So that's quite a different thing. Okay. So we're not being asked to qualify this. I think the Ohio legislature passed valid constitutional laws and procedures. That helps. And you asked an important question about whether or not the Ohio court system has found 45-1361 to be unconstitutional. And I think what Ohio courts have done, instead of addressing the constitutionality, has limited the scope of 45-1361 to avoid constitutional problems. So an example would be – By common law. By common law. So all those cases that – Stolen cars aren't abandoned. Loan cars aren't – Circumscribe this are all in your brief. Yes, ma'am. Well, let me ask this because you've confused me. I thought that you were saying that even if it was – Okay. Let's say that it's correct that the statute covers what they did. It came lawfully into their possession, and the trial court didn't err in the interpretation of the statute, that what they did was within the statute. You're saying that you are not making a constitutional challenge to the lack of process? That's what you just said. I know that's what I've said. I'm sorry. I thought you were saying – I thought you made a due process argument. I did. That's why I'm asking. A due process claim against the city's practice and custom of deeming cars abandoned in all circumstances and transferring title to itself in a way that was its own practice. It's its own practice because it didn't comport with the statute, and I feel very confident in that position. Okay. Let me ask you this question. Yeah. You're attacking the city's process? Yes. Okay. And you want us to focus on that? Right, because it's a Monell claim. Okay. Now, what if that process is consistent with the statute? Is your answer it doesn't matter, or is your answer, oh, well, then I guess I lose? Well, I can't say that in my complaint I fairly attacked the state statute. Okay. I really, to be honest with you – All right. So you're saying – I really like that. But you didn't answer the question. Does it matter, or is your answer, it doesn't matter, I'm attacking the policy, the policy's unconstitutional, whatever the statute says is irrelevant because I'm attacking the policy. Yeah, I think – then I admit I lose. I think what I'm saying, and this is my direct answer, and tell me if I'm not being responsive. It's a Monell claim, so I think you have to focus on the policy, practice, and custom. I say it's unconstitutional. I say to support that, it's deviating from the state statute itself and the process that's provided. But you need to focus on the practice, policy, and custom, which is taking cars, deeming them to be abandoned, and then without process, and then taking the proceeds. But you focus on the municipal practice. Okay. What if it complies with the statute? Well, then – I understand you're not – I'm asking what is the consequence of it complying with the statute? Does that make it constitutional? No, it doesn't make it constitutional, of course. It doesn't make it constitutional. So you haven't challenged it on that grounds? I don't think that I fairly challenged it in my complaint. So the consequence, I assume, is that we don't say anything about the statute. We address the policy. You address the policy, but I think it's – and I hope this is responsive to your question. I think the policy itself makes abandonment a fact of consequence that has to have procedure around it, that the city just kind of just blew off. Last point before I sit down, I've got one second. The city made a point that it never deemed the cars abandoned in the first instance. That's untrue. The record demonstrates in each case they signed an affidavit in an ex parte procedure in which they said the car was abandoned under 45-1361 and put out facts that because it was left unclaimed on public property. That's how they got the cars in the first place. Is the public – oh. Is that at the point of impound or is that – is public property the impound lot? No. What I'm saying is in order to get the titles, the city provided affidavits in each case to the cars. Saying it was abandoned. Saying it was abandoned because each of the cars was left unclaimed on public property, which wasn't true. But that's their – Unless you think the impound lot is public property, which it probably is. Well, they said they were left on – when they were seized on public property, and that's not true. Thank you very much. Well, we appreciate your arguments. Thank you, Mr. Pagan and Shaver. We'll consider your case carefully and issue an opinion in due course. Thank you.